# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC A. GOTHAN and TERREIA L. GOTHAN, husband and wife,

    Plaintiffs,

    v.

WORLD SAVINGS BANK, FSB; et al.,

    Defendants.

3:10-cv-00066-RCJ-WGC

**ORDER**

Currently before the Court are Eric and Terreia Gothans' ("Plaintiffs") Motion to Amend their Complaint (#72) and Defendants' Bank of America, N.A.; Countrywide Bank, N.A.; Countrywide Home Loans, Inc.; and ReconTrust Company, N.A Motion to Dismiss (#65).

The Court heard oral argument on September 27, 2011.

## BACKGROUND

**I.    Facts[1]**

In April of 1990, Plaintiffs Eric and Terreia Gothan purchased real property located at

---

[1] Defendants Wells Fargo Bank, N.A.; Countrywide Home Loans, Inc.; ReconTrust Company, N.A.; Countrywide Bank, N.A.; and Bank of America, N.A. filed requests for judicial notice and attached copies of relevant publicly recorded documents. (*See* Request for Judicial Notice (#66); Request for Judicial Notice (#68)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1345 Sunflower Lane, Fernley, Nevada 89408 (the "Property"). (Grant Bargain and Sale Deed (#66) at 7). To finance the purchase, Plaintiffs obtained a $114,350.00 loan which was secured by the Property. (Deed of Trust (#66) at 14).

Plaintiffs refinanced the Property in May 2005 by executing a deed of trust in the amount of $288,000.00 (Note (#66) at 31; First Deed of Trust (#66) at 35). ("First Deed of Trust"). The lender listed on the First Deed of Trust was Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), the trustee was listed as Greenhead Investments, Inc. ("Greenhead"), and Mortgage Electronic Registration System, Inc. ("MERS") was named as beneficiary. (First Deed of Trust (#66) at 35).

A second deed of trust was later executed by Plaintiffs in September 2005 to secure a line of credit from Countrywide Bank, N.A. in a maximum amount of $36,000.00. (Deed of Trust (#68-7) at 2-3). MERS was listed as the beneficiary and ReconTrust Company, N.A. ("ReconTrust") was listed as the Trustee. (*Id.*).

By May of 2009, Plaintiffs failed to make payments and defaulted under the First Deed of Trust with Sierra Pacific. (Notice of Default (#68-8) at 2-3). ReconTrust filed a notice of default and election to sell under deed of trust on May 8, 2009 ("NOD"). (*Id.*). On May 11, 2009, MERS officially substituted ReconTrust in as trustee, replacing Greenhead (Substitution of Trustee (#68-9) at 2). No foreclosure sale has yet occurred.

This lawsuit was then filed and a lis pendens recorded on the property.

**II.   The Complaint**

Plaintiffs filed their original complaint on December 23, 2009 in Nevada state court, but the case was removed to federal court on February 1, 2011. (Petition for Removal (#1)). Plaintiffs' original complaint included claims of: (1) unfair lending practices; (2) conspiracy to commit fraud and conversion; (3) injunctive relief; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) breach of the covenant of good faith; (9) tortious good faith; (10) civil conspiracy; (11) RICO violations; (12) unjust enrichment; and (13) fraud in the inducement. (Compl. (#1-1)). The Complaint listed as defendants: World Savings Bank, FSB; Golden West Savings Association Service Company; Sierra Pacific;

Greenhead; MERS; First American Title Company of Nevada; Countrywide Home Loans, Inc.; Service Link; Countrywide Bank, N.A.; Bank of America, N.A.; ReconTrust Company, N.A.; and Cristina Garcia.  (*Id.*).

On July 2, 2010, this case was transferred to the Judicial Panel of Multi-District Litigation ("JPML").  (Transfer Order (#41)).  An order was issued by Judge Tielborg, who presided over the JPML on March 21, 2011, remanding the following claims to this Court: violation of N.R.S. § 598D (count 1); injunctive relief (count 3); declaratory relief (count 4); civil conspiracy (count 10), RICO claims (count 11), and unjust enrichment (count 12).  (Mot. to Dismiss (#65) at 5).  On April 5, 2011, Defendants Countrywide Home Loans, Inc.; ReconTrust; Bank of America, N.A.; and Countrywide Bank, N.A. (which has since merged into Bank of America, N.A.) (Collectively "Defendants") filed a Motion to Dismiss all claims that had been remanded by the JPML.  (*See* Mot. to Dismiss (#65)).

In response to Defendant's Motion to Dismiss, Plaintiffs offered to voluntarily dismiss the claims of civil conspiracy (count 10), RICO violations (count 11), and unjust enrichment (count 12).  (Opp'n to Mot. to Dismiss (#69) at 4).  The only remaining claims are those for violations of N.R.S. § 598D (count 1); injunctive relief (count 3), and declaratory relief (count 4).  (*Id.*).

On May 7, 2011, Plaintiffs filed a motion for leave to file a first amended complaint ("FAC"), supposedly for the purpose of "clarifying the causes of action [and] identifying the proper defendants."  (Mot. to Amend (#72) at 2).  The FAC is 68 pages in length makes the following claims: (1) debt collection violations; (2) unfair and deceptive trade practices; (3) unfair lending practices; (4) breach of the covenant of good faith; (5) wrongful foreclosure; (6) quiet title; (7) fraud through inducement and omission; (8) slander of title; and (9) abuse of process. (Am. Compl. (#72-1) at 33-65).  Plaintiffs assert that the FAC does not name MERS as a defendant, but state they may add MERS as a defendant if the Court finds that the FAC should be transferred to the JPML panel.  (Mot. to Amend (#72) at 2-3).

In response, Defendants filed an opposition to the FAC.  (Opp'n to Mot. to Amend (#73)).  Defendants argue that the FAC fails to satisfy Fed. R. Civ. P. 8 pleading requirements

because it is not simple, concise, or direct. (*Id.* at 2). Additionally, Defendants argue that the FAC continues to re-assert claims involving the formation and operation of MERS which are outside this Court's jurisdiction because Judge Teilborg has retained those claims. (*Id.* at 3-4). Defendants further argue that the amended claims are futile. (*Id.* at 4-7). Finally, Defendants argue that Charlotte Olmos—who is added as a defendant under the FAC—should not be joined because her involvement with the matters of this case was only as an employee of American Title Company of Nevada within her scope of employment, and that she is being fraudulently added to destroy diversity jurisdiction.[2]

**LEGAL STANDARD**

Under Fed. R. of Civ. P. 15, the court should freely give leave to amend when justice so requires. However, leave to amend need not be granted when the proposed amendment would be futile or subject to dismissal. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (identifying four relevant factors in determining whether a leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (stating futility as a justification for denying a motion to amend); *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) (same); *Bogor v. Am. Pony Express, Inc.*, No. CV09-2260-PHX-JAT, 2010 WL 3239387, at *2 (D. Ariz. Aug. 16, 2010) (same). A proposed amendment is futile if it would fail to survive a challenge of legal sufficiency under Fed. R. Civ. P. 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

**DISCUSSION**

In this case, the FAC still relies on MERS-based allegations. (*See generally* FAC (#63-1)). For this reason, the Court denies the motion to amend based on lack of jurisdiction. Although MERS is not listed as a defendant in the FAC, the JPML Court retained jurisdiction

---

[2] Ms. Olmos and Plaintiffs are both Nevada Resident. (Opp'n Mot. to Amend (#73) at 8).

4

over all claims that relate to the formation and operation of MERS, "no matter how framed." (Remand Order (#61) at 3). The requested amendments involve the operation of MERS because MERS was listed as the beneficiary on the First Deed of Trust and executed the substitution of trustee at issue in this case. (*See* First Deed of Trust (#66) at 35; Substitution of Trustee (#68-9) at 2). Therefore any adjudication by this Court of such claims may touch on issues the JPML has left with Judge Teilborg and potentially result in conflicting rulings. Plaintiff must address his request for amendment to Judge Teilborg in the first instance. If Judge Teilborg is satisfied that the remanded causes of action, as amended, would not touch upon issues the JPML has left with him should this Court grant amendment, this Court may then have jurisdiction to rule on such motions to amend. Alternately, if Judge Teilborg rules directly on the motions to amend, this Court may then entertain any new causes of action Judge Teilborg remands. In other words, all new claims, like all original claims, must be examined for jurisdiction by Judge Teilborg in the first instance. Accordingly, the Court denies Plaintiffs' Motion to Amend (#72).

Because Plaintiffs' Motion to Amend must first be addressed by the JPML court, this Court must also deny Defendant's Motion to Dismiss the original Complaint (#65) pending a decision by the JPML court on Plaintiffs' Motion to Amend.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion to Amend (#72) is DENIED for lack of jurisdiction. Plaintiffs must bring the motion in Case No. 2:09-md-02119-JAT in the District of Arizona.

IT IS FURTHER ORDERED that Defendants' Bank of America Corporation, N.A., Countrywide Bank, N.A., Countrywide Home Loans, Inc., and Recontrust Company, N.A Motion to Dismiss the remaining causes of actions under the original Complaint (#65) is DENIED pending a decision by the JPML court on Plaintiffs' Motion to Amend.

5

DATED: This 7th day of October, 2011.

_____
United States District Judge