**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIC A. GOTHAN and TERREIA L. GOTHAN, husband and wife,

    Plaintiffs,

v.

WORLD SAVINGS BANK, FSB, et al.,

    Defendants.

3:10-cv-66-RCJ-WGC

**ORDER**

This is a standard foreclosure case involving a single property. Defendants Countrywide Home Loans, Inc.; ReconTrust Company, N.A.; Countrywide Bank, N.A. (an entity having been merged into Bank of America, N.A.) and Bank of America, N.A. (collectively "Defendants") have filed a motion to dismiss all causes of action against them for failure to state a claim. (Mot. to Dismiss (#87)). For the following reasons, Defendants' motion to dismiss (#87) is granted.

**BACKGROUND**

I.    **Facts[1]**

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Reqs. for Judicial Notice (##16, 66)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

In April of 1990, Plaintiffs Eric and Terreia Gothan purchased real property located at 1345 Sunflower Lane, Fernley, Nevada 89408 (the "Property"). (Grant Bargain and Sale Deed (#16-1) Ex. A). Plaintiffs borrowed money to purchase the Property, and then refinanced the Property several times between 1990 and 1999. (See Deeds of Trust and Promissory Notes (#16-1) Exs. C-F).

Plaintiffs again refinanced and encumbered the Property in May 2005 by executing a deed of trust in the amount of $288,000.00 (the "First Deed of Trust"). (First Deed of Trust (#16-1) Ex. H). The lender listed on the First Deed of Trust was Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), the trustee was listed as Greenhead Investments, Inc. ("Greenhead"), and Mortgage Electronic Registration System, Inc. ("MERS") was named as nominee and beneficiary. (Id.).

A second deed of trust was later executed by Plaintiffs in September 2005 to secure a home equity line of credit from Countrywide Bank, N.A. ("Countrywide") in a maximum amount of $36,000.00 (the "Second Deed of Trust"). (Second Deed of Trust (#68-7) at 2-3). MERS was listed as the nominee and ReconTrust Company, N.A. ("ReconTrust") was listed as the trustee. (Id.).

In February 2006, Plaintiffs obtained a second home equity line of credit from Countrywide and again encumbered the Property in the amount of $70,000.00, secured by a deed of trust (the "Third Deed of Trust"). (Third Deed of Trust (#16-1) Ex. J).

A final loan of $115,000.00 was obtained from Countrywide on January 9, 2007, which was again secured by a deed of trust encumbering the Property (the "Fourth Deed of Trust"). (Fourth Deed of Trust (#16-1) Ex. L).

By May 2009, Plaintiffs failed to make payments and defaulted under the First Deed of Trust with Sierra Pacific. (Notice of Default (#68-8) at 2-3). On May 8, 2009, MERS officially substituted ReconTrust as trustee, replacing Greenhead. (Substitution of Trustee (#68-9) at 2). ReconTrust then filed a notice of default and election to sell under deed of trust on May 8, 2009—the same day it was substituted as trustee. (Id.).

II. **The Complaint**

Plaintiffs filed their complaint on December 23, 2009 in the Third Judicial District Court of the State of Nevada. (Compl. (#1)). The case was later removed to federal court on February 1, 2011. (Petition for Removal (#1)). Plaintiffs' complaint included claims of: (1) unfair lending practices in violation of NRS § 598D.100; (2) conspiracy to commit fraud and conversion; (3) injunctive relief; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) breach of the covenant of good faith; (9) tortious good faith; (10) civil conspiracy; (11) RICO violations; (12) unjust enrichment; and (13) fraud in the inducement. (Compl. (#1)). The complaint listed as defendants: World Savings Bank, FSB; Golden West Savings Association Service Company; Sierra Pacific; Greenhead; MERS; First American Title Company of Nevada; Countrywide Home Loans, Inc.; Service Link; Countrywide Bank, N.A.; Bank of America, N.A.; ReconTrust Company, N.A.; and Cristina Garcia.[2] (Id.).

On July 2, 2010, this case was transferred to the Judicial Panel of Multi-District Litigation ("JPML"). (Transfer Order (#41)). An order was issued by Judge Teilborg, who presided over the JPML on March 21, 2011, remanding the following claims to this Court: violation of NRS § 598D.100 (count 1); injunctive relief (count 3); declaratory relief (count 4); civil conspiracy (count 10), RICO claims (count 11), and unjust enrichment (count 12). (Order for Remand (#61)).

On April 5, 2011, Defendants filed a motion to dismiss all claims that had been remanded by the JPML. (See Mot. to Dismiss (#65)). In response to Defendants' motion to dismiss, Plaintiffs offered to voluntarily dismiss the claims for civil conspiracy (count 10), RICO violations (count 11), and unjust enrichment (count 12). (Opp'n to Mot. to Dismiss (#69) at 4; Opp'n to Mot. to Dismiss (#88) at 2). Accordingly, the only remaining claims pending before this Court are those for violations of NRS § 598D.100 (count 1); injunctive relief (count 3), and declaratory relief (count 4).

---

[2] Defendants MERS, Sierra Pacific, Greenhead, and Wells Fargo were later dismissed through stipulations approved by this Court. (Orders Granting Stipulations (##78, 79, 81)).

On May 7, 2011, Plaintiffs filed a motion for leave to file a first amended complaint, for the purpose of "clarifying the causes of action [and] identifying the proper defendants." (Mot. to Amend (#72) at 2). The first amended complaint stated the following claims: (1) debt collection violations; (2) unfair and deceptive trade practices; (3) unfair lending practices; (4) breach of the covenant of good faith; (5) wrongful foreclosure; (6) quiet title; (7) fraud through inducement and omission; (8) slander of title; and (9) abuse of process. (Am. Compl. (#72-1) at 33-65). Oral argument was heard on Plaintiffs' motion to amend and Defendants' motion to dismiss on September 27, 2011. On October 7, 2011, this Court issued an order denying Plaintiffs' motion to amend—finding that the JPML court must first address Plaintiffs' motion to amend because the amended causes of action implicated MERS—and denying Defendants' motion to dismiss pending the decision of the JPML court regarding Plaintiffs' motion to amend. (Order (#84) at 4-5).

The JPML court issued an order on October 3, 2011 denying Plaintiffs leave to amend their complaint. (Order (#87) Ex. A, at 18-19). Defendants then filed a renewed motion to dismiss the remaining causes of action in Plaintiffs' original complaint. (Mot. to Dismiss (#87)). As the JPML court has denied Plaintiffs leave to amend their complaint, the Court may now properly address Defendants' motion to dismiss.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

The only remaining claims are those for violations of NRS § 598D.100 (count 1); injunctive relief (count 3), and declaratory relief (count 4). (Opp'n to Mot. to Dismiss (#69) at 4; Opp'n to Mot. to Dismiss (#88) at 2). Plaintiffs' claims for injunctive relief and declaratory relief however are remedies and not independent causes of action. *See Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011); *Anderson v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 4386958, at *5 (D. Nev. 2010). Therefore, these claims are dependent upon the only substantive claim before this Court: the claim for violations of NRS § 598D.100.

Plaintiffs allege Defendants engaged in unfair lending practices by luring Plaintiff into obtaining the loans based solely on the future equity of the home in violation of NRS § 598D.100. (Compl. (#1) at 33-36). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and

does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT. § 598D.110. The loan secured by the First Deed of Trust (the loan which is in default) was extended in 2005. (First Deed of Trust (#16-1) Ex. H). The final loan extended by Countrywide was taken out on January 9, 2007. (Fourth Deed of Trust (#16-1) Ex. L). Plaintiffs however did not file their complaint until December 23, 2009. (*See* Compl. (#1)). As Plaintiffs failed to file their complaint within two years of the execution of the final loan, the statute of limitations has run on this claim and Plaintiffs have failed to state a claim for violations of NRS § 598D.100.

Accordingly, the Court grants Defendants' motion to dismiss (#87) the complaint in its entirety without leave to amend. Moreover, the Court *sua sponte* dismisses all claims against the remaining defendants without leave to amend because Plaintiffs fail to state a claim against them.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#87) is granted and that the complaint be dismissed without leave to amend.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses the remaining defendants from this case without leave to amend.

DATED: This 11th day of May, 2012.

_____
United States District Judge